Viola SCHLIEPER and Virginia Harrus, Personal Representatives of the Estate of Louis Schlieper, Deceased, Plaintiffs-Appellants,

v.

State of Wisconsin DEPARTMENT OF NATURAL RESOURCES, Defendant-Respondent,

CITY OF BROOKFIELD, a municipal corporation, and Waukesha County, a municipal corporation, Defendants.

Court of Appeals

*No. 93–2002. Submitted on briefs August 25, 1994.—Decided October 12, 1994.*

(Also reported in 525 N.W.2d 99.)

On behalf of the plaintiffs-appellants, the cause was submitted on the brief of *Benjamin Southwick* of Richland Center.

On behalf of the defendant-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *John S. Greene*, assistant attorney general.

An amicus curiae brief was filed by *Kathleen M. Falk*, Wisconsin Public Intervenor, Wisconsin Department of Justice.

Before Anderson, P.J., Brown and Vergeront, JJ.

BROWN, J.   The estate in this case alleged that it owned unsewered property which would become eco-

nomically viable only after sewer service was extended to it. The estate further alleged that the Wisconsin Department of Natural Resources' (DNR) "administrative practice" was to refuse to even consider allowing an extension where the property was within an "environmental corridor." The estate alleged that this amounted to a taking, giving rise to an inverse condemnation action. The trial court dismissed the complaint on grounds that the case was not ripe for a claim to be presented. We affirm on this ground. In fact, because the estate either neglected or refused to address the ripeness issue, it has confessed on this ground.

The complainants are Viola Schlieper and Virginia Harris as personal representatives of the Estate of Louis Schlieper (the estate). The estate owned unimproved property in the City of Brookfield. The City sought to condemn 173 acres for park purposes. The land consisted of a 23-acre lake, 131.6 acres located within an environmental corridor and zone conservancy, 1.4 acres located in a road right-of-way and 17 acres of buildable land. In lieu of condemnation, the estate sold the land to the City for $850,000. Additionally, Waukesha County's Condemnation Commission found that the highest and best use of the buildable land is a planned unit residential development of condominiums. It further found that the development would hold 180 units and made two adjustments to the amount totaling $360,000. The total due the estate was $1,005,000.

The estate then brought suit under § 32.06(10), STATS., claiming, inter alia, inverse condemnation against the DNR. It complained that had it been able to extend sewer service onto the 131.6 acres located within the environmental corridor, its land would have been worth much more than it was paid by the City or

County. It averred, however, that by "administrative practice," the DNR would not consider any application to extend sewer service into an environmental corridor unless the application contained a letter of approval from the regional water planning commission—in this case, the Southeastern Wisconsin Regional Planning Commission (SEWRPC). The estate claimed that inasmuch as SEWRPC's practice was to refuse to allow any sewerage extension upon lands designated as an environmental corridor, the DNR's practice rendered the parcel in question without substantial economic value and constituted a taking.

The DNR brought a motion to dismiss the complaint on several grounds. One ground was that the claim was not ripe because the pleadings did not show that either SEWRPC or the DNR had ever been requested to reclassify the property. The trial court dismissed the complaint on this basis and the estate appeals.

At the outset, we note what we consider the inadequate brief filed by the estate. Of particular concern is the failure by the estate to address the rationale used by the trial court in dismissing the case. The trial court ruled that the case was not ripe for judicial review. Yet, on appeal, the estate never addressed the trial court's decision; nor did it ever mention the ripeness issue. Rather, the estate elected only to address the merits of its inverse condemnation theory. The DNR's responsive brief pointed out that the trial court dismissed the case because it ruled that the issue was not ripe; its brief argued that the trial court was correct and discussed why this was so. No reply brief was forthcoming from the estate. Therefore, we do not know what argument, if any, the estate has concerning the ripeness issue. Further, in both the trial court and on appeal,

■

the DNR raised the exhaustion of administrative remedies issue. The estate remains silent on that issue.

■

This court has held that respondents cannot complain if propositions of appellants are taken as confessed which respondents do not undertake to refute. *Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp.,* 90 Wis. 2d 97, 109, 279 N.W.2d 493, 499 (Ct. App. 1979). We think the same holds true when an appellant ignores the ground upon which the trial court ruled and raises issues on appeal that do not undertake to refute the trial court's ruling. This is especially so where the respondent raises the grounds relied upon by the trial court, and the appellant fails to dispute these grounds in a reply brief.

We visit the confession upon the estate in this case. The DNR contends that the trial court correctly dismissed the case without reaching the merits. The trial court held that the estate's case was not ripe because the DNR was never presented with a request to amend the environmental corridor designation in the areawide water quality plan. The DNR cites *Williamson County Regional Planning Comm'n v. Hamilton Bank,* 473 U.S. 172, 186 (1985), for the proposition that a claim is not ripe until an entity charged with implementing regulations on property has reached a decision regarding the application of the regulations "to the property at issue." The DNR posits that the estate never requested either SEWRPC or the DNR to modify the water plan so as to reclassify its property.

■

We do not know what the estate's response to that argument is for the reasons we have stated. We speculate that the estate might point to its allegation that SEWRPC and the DNR *always* reject *every* sewer

extension request as a matter of administrative practice and would argue that it would have been futile to ask for a modification. Nonetheless, the fact is that *Williamson* places a duty on the property owner to first obtain an administrative ruling on the "property at issue" before a claim against the administrative body is deemed ripe. *Id.* We hold that, at least absent refutation, the DNR's interpretation of *Williamson* accurately states the law. Without an adverse ruling by an administrative body on a specific property, the administrative body cannot be considered to have yet committed a wrong regarding application of regulations to that property owner.

Even had the estate asked for and been denied a modification in the area water plan, the proper course of action would have been to exhaust the available administrative remedies pursuant to §§ 227.42 and 227.52, STATS. Again, if there is a cogent argument why the exhaustion of administrative remedies issue is misplaced in this case, the estate has not brought it to our attention and we consider the issue to be confessed. We affirm the trial court.

*By the Court.*—Order affirmed.