PER CURIAM.
¶1 The circuit court denied Deadrian L. Bostick's WIS. STAT. § 974.06 (2017-18)[1] plea-withdrawal motion without an evidentiary hearing. The motion alleged ineffective assistance of counsel, Brady[2] violations, and that the postconviction court erred in determining that his sentence was not illegal. We affirm the order denying Bostick's motion.
¶2 The State charged Bostick in Racine County case no. 2009CF21 with first-degree intentional homicide and two counts of first-degree reckless endangerment, all by use of a dangerous weapon and as a habitual offender. While in jail awaiting trial, he was charged in Racine County case no. 2010CF1112 with battery by prisoner and disorderly conduct.
¶3 Bostick pled no contest to second-degree reckless homicide as a habitual offender in the first case, exposing him to fifteen years' initial confinement (IC) and ten years' extended supervision (ES), plus six more years' IC due to the habitual offender enhancer. He pled guilty to the battery charge in the second case, exposing him to another three years' IC and three years' ES.
¶4 Bostick moved presentence to withdraw his plea in 2009CF21 on grounds it was not knowing, intelligent, and voluntary. The court held an evidentiary hearing on his motion. Bostick, represented by new counsel, testified that he was not provided with all discoverable documents, that defense counsel Attorney Patrick Cafferty failed to follow up with recanting witnesses and to share those recantations with him, and that he felt "pressured" by counsel's "threats" that, if he did not take the plea, he would spend the rest of his life in prison.
¶5 Cafferty testified that Bostick wanted him to negotiate a fifteen-year sentence rather than go to trial; that he discussed the recantations with Bostick but did not follow up with a private investigator in view of negotiations with the prosecutor to "get the cap as low as possible"; and that he never threatened Bostick and Bostick never showed any hesitation about the plea agreement.
¶6 The court found that Bostick's testimony that he felt "threatened" was not credible and family members' recantations were known to him before he signed the waiver-of-rights form and accepted the plea. Concluding that he presented no fair or just reason to allow him to withdraw his plea and that his plea was knowing, voluntary, and free, the court denied his motion. Bostick subsequently was sentenced to twenty years' IC and five years' ES for the reckless homicide and to a consecutive three years' IC plus three years' ES for the battery.
¶7 Acting pro se, Bostick moved for a second evidentiary hearing so as to be allowed to withdraw his no-contest plea in case no. 2009CF21. He alleged that the first hearing was a "sham," because two "manifest injustices"-Cafferty's failure to investigate and discover exculpatory defenses and the State's "suppression" of evidence-deprived him of his chance to withdraw his plea by the less stringent presentencing standard.
¶8 Bostick made three claims: (1) that Cafferty provided ineffective assistance by failing to independently investigate the facts and thus did not discover alternate suspects or impeachment evidence, and by leaving Bostick's family to have to obtain recantations, which Cafferty did not follow up on; (2) a Brady violation, arguing that the State suppressed police reports favorable to him; and (3) his sentence in 2009CF21 is illegal because the habitual offender enhancer could not be invoked unless the maximum ten years' ES was ordered.
¶9 The court denied the motion without a hearing. It found that Bostick re-raised the same arguments in his initial motion to withdraw his plea and that his claim that it first had to sentence him to the maximum ES before applying the enhancer was "not correct." Bostick appeals.
¶10 Whether a WIS. STAT . § 974.06 motion alleges sufficient facts to require a hearing is a question of law an appellate court reviews de novo. State v. Balliette , 2011 WI 79, ¶18, 336 Wis. 2d 358, 805 N.W.2d 334. If the motion "does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the circuit court has the discretion to grant or deny a hearing." State v. Allen , 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433. We review a circuit court's discretionary decision to grant or deny a hearing under the erroneous exercise of discretion standard. Id.
¶11 Bostick contends his plea was not knowing, intelligent, and voluntary due to Cafferty's ineffective assistance and an alleged Brady violation. This court accepts the circuit court's findings of historical or evidentiary facts unless they are clearly erroneous. State v. Taylor , 2013 WI 34, ¶25, 347 Wis. 2d 30, 829 N.W.2d 482. Whether the plea ultimately was entered knowingly, intelligently, and voluntarily, however, is a question of constitutional fact that we review independently. Id. It is within the circuit court's discretion to deny even a properly pled motion to withdraw a plea without holding an evidentiary hearing if the record conclusively demonstrates that the defendant is not entitled to relief. State v. Sulla , 2016 WI 46, ¶30, 369 Wis. 2d 225, 880 N.W.2d 659. Our review is limited to the four corners of the postconviction motion, not additional arguments raised in the appellant's brief. See Allen , 274 Wis. 2d 568, ¶27.
¶12 The two-pronged test for ineffective assistance of counsel is deficient performance and prejudice to the defendant. Strickland v. Washington , 466 U.S. 668, 687 (1984) ; State v. Pitsch , 124 Wis. 2d 628, 633, 369 N.W.2d 711 (1985). The test for deficiency is whether counsel's assistance, viewed as of the time of the conduct, was outside the wide range of professional competence. Pitsch , 124 Wis. 2d at 636-37. The test for prejudice is whether the claimed error undermines confidence in the outcome-i.e., whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 642 (citation omitted). Whether counsel's actions constitute ineffective assistance is a mixed question of law and fact. State v. Johnson , 133 Wis. 2d 207, 216, 395 N.W.2d 176 (1986). We uphold the circuit court's factual findings unless clearly erroneous. Id. Whether counsel's conduct amounted to ineffective assistance is a question of law we review de novo. Id.
¶13 Bostick revisits the matter of witness recantations. As the circuit court found, Bostick and Cafferty both were aware of the recantations before he entered his plea. With Bostick's permission and as point of strategy, counsel used the statements to negotiate for a reduced charge and lesser sentence. Further, Bostick already raised the matter of ineffective assistance. "A matter once litigated may not be relitigated in a subsequent postconviction proceeding no matter how artfully the defendant may rephrase the issue." State v. Witkowski , 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991).
¶14 Bostick also alleges a Brady violation, complaining that the State suppressed two police reports allegedly favorable to him.[3] He contends the reports support an alternate suspect/third-party defense, point to a rival gang member's "possible motive," show an inculpatory witness' "consciousness of guilt," and impeach two other witnesses' statements placing themselves in the vehicle from which Bostick allegedly fired the killing shots.
¶15 To establish a Brady violation, a defendant must show that the State suppressed the evidence in question, that the impeachment or exculpatory evidence was favorable to him or her, and that the evidence was material to the determination of his or her guilt or punishment. State v. Rockette , 2006 WI App 103, ¶39, 294 Wis. 2d 611, 718 N.W.2d 269. Evidence is material only if there is a reasonable probability that, had it been disclosed to the defense, the result of the proceeding would have been different. State v. Harris , 2004 WI 64, ¶14, 272 Wis. 2d 80, 680 N.W.2d 737.
¶16 Bostick's claim is heavy on conjecture. He points to nothing in the record that the prosecution suppressed the reports or that he was unaware of the substance of them. Further, Bostick has not filed a reply brief. While none is required, he also does not dispute the State's position. See Schlieper v. DNR , 188 Wis. 2d 318, 322, 525 N.W.2d 99 (Ct. App. 1994) (we may treat appellant's failure to refute a respondent's proposition as a concession).
¶17 Bostick also fails to show that the evidence was material. Several people implicated him as the shooter and the police reports contain no recantations from those individuals. The "mere possibility that an item of undisclosed information might have helped the defense ... does not establish 'materiality' in the constitutional sense." Harris , 272 Wis. 2d 80, ¶16 (citation omitted).
¶18 Bostick next contends the habitual criminality statute was improperly invoked when he was sentenced in case no. 2009CF21 such that he is entitled to have a portion of his sentence commuted. We disagree.
¶19 In that case, Bostick was convicted of second-degree reckless homicide as a habitual offender. Second-degree reckless homicide is a Class D felony. WIS. STAT . § 940.06(1). Under WIS. STAT . § 973.01(2)(b)4., (d), therefore, his IC and ES terms could not exceed twenty-five years: fifteen and ten years, respectively, except that his status as a habitual offender authorized the court to add an additional six years to his IC term. See WIS. STAT . §§ 973.01(2)(c)1., 939.62(1)(c). The court sentenced him to twenty years' IC and five years' ES.
¶20 Bostick contends the sentence was illegal because the court could not apply the penalty enhancer to his IC if it did not sentence him to the maximum term of ES. His argument, not entirely clear, goes as follows:
[I]f the circuit court had properly applied ... the Habitual status, then pursuant to [ WIS. STAT. §] 973.01(2)(c) the 5 years increase on Bostick's 15 year max I.C. would have resulted in the 25 year statutory max term of imprisonment being increased by the same 5 years habitual time applied to the I.C. Bostick's sentence however, is not 30 years overall, but is within the 25 year range authorized by [ WIS. STAT . §] 939.50(3)(c) which makes the 20 years I.C. excessive by 5 years.
¶21 A bifurcated sentence comprises confinement in prison and extended supervision. WIS. STAT. § 973.01(1), (2). Paragraph (2)(c) provides that "the maximum term of confinement in prison ... may be increased" by the applicable penalty-enhancement statute. As the postconviction court noted, "No statute requires the court to sentence a defendant to the maximum term of [ES] before applying a penalty enhancer." Further, penalty enhancers increase the maximum term of IC for the underlying crime, thus increasing the overall maximum term of imprisonment, but they do not lengthen the maximum term of ES, see State v. Jackson , 2004 WI 29, ¶23, 270 Wis. 2d 113, 676 N.W.2d 872, nor-if this is what Bostick is suggesting-can a penalty enhancer be applied to the term of ES, see State v. Volk , 2002 WI App 274, ¶35, 258 Wis. 2d 584, 654 N.W.2d 24. Bostick is not entitled to commutation of his sentence.
¶22 We conclude that the record conclusively establishes that Bostick is not entitled to relief. The court's decision to deny his motion without another evidentiary hearing thus represents a proper exercise of discretion.
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2017-18 version unless noted.

See Brady v. Maryland , 373 U.S. 83 (1963).

Bostick contends he would not have pled no contest but for his counsel's errors and the State's violations of Brady and Wis. Stat . § 971.23(1)(h), which also requires the prosecution to disclose exculpatory evidence. As the State observes, Bostick mentions the statutory argument only in passing. We need not review inadequately briefed issues. See State v. Pettit , 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992). Further, Bostick has not shown that the alleged pre-trial discovery violations implicated "serious questions affecting the fundamental integrity of the plea." State v. Denk , 2008 WI 130, ¶71, 315 Wis. 2d 5, 758 N.W.2d 775. Without facts to support his contention that he would have pled differently, Bostick's allegations amount only to a self-serving conclusion. See State v. Bentley , 201 Wis. 2d 303, 316, 548 N.W.2d 50 (1996).