PER CURIAM.
¶1 Keith Schroeder and his insurer, Humana Insurance Company (collectively, Schroeder), appeal a summary judgment granted in favor of Fahrner Asphalt Sealers. Schroeder sued Fahrner for negligence related to a chip seal project on a road in the Town of Fulton, and Schroeder also sued Fahrner's insurer, Zurich American Insurance Company. The circuit court determined that Fahrner was an "agent" of the Town and entitled to governmental immunity under WIS. STAT. § 893.80(4) (2017-18)[1] , and dismissed Schroeder's personal injury claims. We agree that Fahrner was acting as an agent of the Town and is entitled to governmental immunity. Accordingly, we affirm.[2]
BACKGROUND
¶2 The Town hired Fahrner to perform resurfacing in the form of a chip seal on certain roads in the Town. During a chip seal, hot asphalt is laid on the roadway and aggregate material is placed on top of the asphalt. The aggregate material remains on the roadway for a period of time, and vehicles driving on the roadway compact the material into the asphalt base. Excess aggregate material is then swept off the roadway.
¶3 Fahrner's bid to the Town to perform the chip seal work became the contract between Fahrner and the Town. The contract provides in pertinent part:
FAHRNER ... and [the Town] agree that, [Fahrner] shall furnish the labor and materials to complete certain construction in accordance with the following specifications:
Thoroughly clean the existing surface with a self propelled broom. Apply 170 degree emulsified asphalt by full-width spray distributor. Apply cover aggregate and spread uniformly over surface with full-width self propelled chip spreader. Roll with pneumatic-tired roller.
Aggregate to be Black Boiler Slag[.]
¶4 On August 17 and 18, 2015, Fahrner performed chip seal work on a portion of North Hillside Road. On August 23, 2015, Schroeder was riding his motorcycle on North Hillside Road, where the chip seal work had been performed, and encountered a portion of roadway covered in black slag aggregate. Schroeder lost control of his motorcycle, crashed, and sustained personal injuries.
¶5 Schroeder sued Fahrner for negligence. Fahrner asserted governmental immunity as an affirmative defense and later filed a motion in the circuit court for summary judgment on that ground. The court concluded that Fahrner is entitled to governmental immunity and granted Fahrner's motion. Schroeder appeals.
DISCUSSION
¶6 Schroeder contends that Fahrner is not entitled to governmental immunity and, therefore, the circuit court erred in granting summary judgment in Fahrner's favor. Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2). We review the grant of summary judgment de novo. Estate of Brown v. Mathy Const. Co. , 2008 WI App 114, ¶5, 313 Wis. 2d 497, 756 N.W.2d 417. Whether a defendant is entitled to governmental immunity is also a question of law that we review de novo. Id. , ¶6.
¶7 Under WIS. STAT. § 893.80(4), local governments and their officers, employees, or agents are immunized from liability for acts involving the exercise of discretion or judgment. Lodl v. Progressive N. Ins. Co. , 2002 WI 71, ¶¶20-21, 253 Wis. 2d 323, 646 N.W.2d 314. Immunity under § 893.80(4) is also extended to agents of governmental authorities, including contractors. See Estate of Lyons v. CNA Ins. Cos. , 207 Wis. 2d 446, 453-54, 558 N.W.2d 658 (Ct. App. 1996). In Estate of Lyons , we concluded that an independent government contractor is an "agent" for purposes of § 893.80(4), and, therefore, entitled to immunity if the following three elements are established: "(1) the governmental authority approved reasonably precise specifications; (2) the contractor's actions conformed to those specifications; and (3) the contractor warned the supervising governmental authority about the possible dangers associated with those specifications that were known to the contractor but not the governmental officials." Id. at 457-58. Schroeder argues that the undisputed facts do not satisfy any of the three elements and, therefore, Fahrner is not entitled to governmental immunity. We disagree.
¶8 The first element is satisfied by proof that the governmental authority provided the contractor with reasonably precise specifications. Id. at 457. "A contract is reasonably precise if it reasonably and precisely lists items required." Estate of Brown , 313 Wis. 2d 497, ¶13.
¶9 To repeat, the contract with Fahrner required Fahrner to: (1) clean the surface of specified roadways with a self-propelled broom; (2) apply 170-degree emulsified asphalt by full-width spray distributor; (3) apply aggregate, specifically black boiler slag, uniformly over the roadway surface with a full-width self-propelled chip spreader; and (4) roll the roadway with a pneumatic-tired roller. Schroeder argues that the first element is not established because the contract fails to provide precise specifications with regard to "signage, warnings, and the post-application sweeping process during the project," leaving Fahrner with "substantial independent decision making authority" as to those responsibilities. We reject Schroeder's argument.
¶10 We have held in this context that "common sense dictates that items not required by the contract do not obligate the contractor to provide them." Id. For several reasons, the undisputed facts establish that the duty of posting warnings concerning the resurfacing work was not Fahrner's obligation under its contract with the Town.
¶11 First, Schroeder does not dispute that the contract does not provide for any such work by Fahrner.
¶12 Second, George Polnow, a sales representative for Fahrner, averred that he "was told by Town of Fulton Chairman Evan Sayre that the Town of Fulton would be responsible for the placement of 'Loose Gravel' signs in the vicinity of the work to be performed by Fahrner."
¶13 Third, Chairman Sayre testified at his deposition that he asked the Rock County Public Works Department to put up "[l]oose gravel" signs on the roadways resurfaced by Fahrner. When asked whether he and Fahrner discussed Fahrner putting up signage warning drivers of potentially dangerous road hazards, Sayre testified that "nothing in the contract ... said that [Fahrner is] responsible for signage" and "the reason that Rock County put those signs up is because they do [the Town's] work ... and [the Town] needed signs up, so [Sayre] had [Rock County] put them up."[3]
¶14 Under Schroeder's argument, the contract in this case could be reasonably precise only if the Town had specifically instructed Fahrner as to what Fahrner was not responsible for. However, as we stated in Estate of Brown , reasonable precision depends on whether the contract sets forth "items required. " Id. (emphasis added). Schroeder does not cite to any legal authority supporting his argument that a contract must also set forth those items not required. See Kruczek v. DWD , 2005 WI App 12, ¶32, 278 Wis. 2d 563, 692 N.W.2d 286 (arguments unsupported by legal contention are not addressed by this court). Accordingly, we reject Schroeder's argument.
¶15 The second element requires that the contractor's actions conformed to the specifications. Schroeder does not argue that Fahrner failed to follow any of the contract specifications.
¶16 The third element requires that there were dangers associated with the specifications that were known to the contractor but not to the governmental authority. Schroeder asserts that "Fahrner did not warn [the Town] about the possibility of damages associated with the project" and that the summary judgment submissions do not "establish[ ] that Fahrner or [the Town] discussed the possibility of damages associated with the project." However, Schroeder does not argue that Fahrner knew about dangers that the Town did not know about. Our review of the summary judgment submissions reveals no evidence suggesting that there were dangers known to Fahrner but not to the Town. For those reasons, the third element has been satisfied.
¶17 In addition to satisfying the elements set forth in Estate of Lyons , "a contractor asserting immunity must be able to demonstrate that the conduct for which immunity is sought was the implementing of a governmental entity's decision made during the exercise of the entity's legislative, quasi-legislative, judicial or quasi-judicial functions." Showers Appraisals, LLC v. Musson Bros., Inc. , 2013 WI 79, ¶45, 350 Wis. 2d 509, 835 N.W.2d 226. Fahrner argues that, in fulfilling its obligations under the contract, it was implementing the Town's policy decisions, which were made during the exercise of the Town's legislative or quasi-legislative functions. See Melchert v. Pro Elec. Contrs. , 2017 WI 30, ¶22, 374 Wis. 2d 439, 892 N.W.2d 710 ("acts of designing, planning, and implementing are legislative or quasi-legislative acts" (quoting Bostco LLC v. Milwaukee Metro. Sewerage Dist. , 2013 WI 78, ¶41 n.21, 350 Wis. 2d 554, 835 N.W.2d 160 )). Schroeder does not dispute that proposition in his reply brief and the issue is, therefore, taken as conceded. Schlieper v. DNR , 188 Wis. 2d 318, 322, 525 N.W.2d 99 (Ct. App. 1994) (a proposition asserted by a respondent on appeal and not disputed by the appellant's reply is taken as admitted).[4] For those reasons, we affirm the circuit court's grant of summary judgment to Fahrner.
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

We note that Schroeder's appellate briefs fail to conform to the requirements of Wis. Stat. Rule 809.19. The briefs lack citations to the record on appeal and cite generally to multi-page documents, such as "R. 20," which is Fahrner's brief in support of summary judgment and supporting evidence. Appellate briefs must give references to the page of the record on appeal for each statement and proposition made in the appellate briefs. The failure to do so unnecessarily complicates our review, and we remind appellant's counsel that the rules of appellate practice are designed in part to facilitate the work of this court.

Furthermore, Schroeder mischaracterizes the affidavit of Brian Miess, a chip seal foreman for Fahrner. Miess averred that "[on] chip seal projects that [he] supervise[s], the work crew will not leave the jobsite at the end of the day until [he] confirm[s] that 'Loose Gravel' signs have been posted in the vicinity of the roads that are being resurfaced." Miess did not aver that doing this was Fahrner's responsibility as asserted by Schroeder.

Because our decision is dispositive, we do not address Fahrner's alternative arguments in support of summary judgment. See Sweet v. Berge , 113 Wis. 2d 61, 67, 334 N.W.2d 559 (Ct. App. 1983) (if a decision on one point disposes of the appeal, the court will not decide other issues raised).