COURT OF APPEALS
DECISION
DATED AND FILED

December 12, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP2315**

STATE OF WISCONSIN

Cir. Ct. No. 2014CV1188

IN COURT OF APPEALS
DISTRICT IV

KEVIN FIELDS,

   PLAINTIFF-APPELLANT,

V.

COLONIAL SAVINGS FA,

   DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Rock County: DANIEL T. DILLON, Judge. *Affirmed*.

Before Fitzpatrick, P.J., Blanchard and Kloppenburg, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.  Kevin Fields, by counsel, appeals a circuit court order granting summary judgment in favor of Colonial Savings, F.A.  Fields

argues, among other issues, that the circuit court erred when it dismissed his slander of title claim and concluded that the outcome of the case was controlled by *Federal National Mortgage Association v. Thompson*, 2018 WI 57, 381 Wis. 2d 609, 912 N.W.2d 364. We reject Fields's arguments and affirm.

BACKGROUND

¶2     In 2004, Fields signed a promissory note to the order of First Federal Capital Bank and executed a mortgage on his home as security for the note. First Federal Capital Bank then endorsed the note in blank. On June 1, 2007, Colonial Savings became the holder and servicer of the note. Fields made payments to Colonial Savings for more than three years, and then defaulted.

¶3     In February 2011, Colonial Savings filed a foreclosure action against Fields, alleging that the whole of the principal and interest were due under the note's acceleration clause. After a trial to the court, the circuit court dismissed the action on the basis that Colonial Savings had failed to prove that it had been assigned the note by an entity that had authority to make the assignment and, therefore, failed to prove that it had standing to enforce the note.

¶4     Following the dismissal of the 2011 foreclosure action, Colonial Savings did not appeal the dismissal or move to reopen the judgment. Instead, Colonial Savings initiated a new foreclosure action against Fields in March 2012 pertaining to the same note and mortgage as the 2011 foreclosure action. This time, attached to the complaint were two assignment of mortgage documents, recorded on February 17, 2012, that designated Colonial Savings as the assignee. The circuit court dismissed the action on grounds of claim preclusion. Colonial Savings appealed, and this court affirmed the judgment of the circuit court.

¶5      Fields then filed a complaint against Colonial Savings, seeking relief under several theories, including slander of title.   Colonial Savings filed a counterclaim seeking a declaratory judgment that the note and mortgage were still valid and enforceable.  The parties filed cross-motions for summary judgment and, after briefing and oral arguments, the circuit court dismissed all of Fields's claims with prejudice, except for Count IV, slander of title, which the circuit court characterized as a claim for clear title.  The court set the matter for trial.

¶6      Prior to trial, our supreme court decided ***Thompson***.  In that case, a previous foreclosure action between the same parties had been dismissed with prejudice.  ***Id.***, ¶3.  Our supreme court held that claim preclusion did not bar a subsequent foreclosure action between the same parties based on contractual defaults which occurred after the dismissal of the first action.  ***Id.***, ¶¶49-50.

¶7      The circuit court ordered additional briefing from the parties on the effect of ***Thompson*** on the instant case.  After briefing and a hearing, the court entered an order granting summary judgment in favor of Colonial Savings and dismissing Fields's complaint with prejudice.  This appeal follows.

STANDARD OF REVIEW

¶8      This court reviews summary judgment decisions de novo, applying the same methodology and legal standard employed by the circuit court. ***Palisades Collection LLC v. Kalal***, 2010 WI App 38, ¶9, 324 Wis. 2d 180, 781 N.W.2d 503.

DISCUSSION

¶9      We first address Fields's argument that Colonial Savings committed slander of title when it recorded the 2012 assignment of mortgage documents.  He

asserts that the 2012 assignments were improper because they created a lien on his property that was "false, a sham or frivolous," contrary to WIS. STAT. § 706.13 (2017-18).[1]  For the reasons explained below, we reject this argument.

¶10     It is undisputed that Colonial Savings is the holder of the note at issue in this case.  Colonial Savings asserts in its brief that it became the holder of the note while Fields's account was still current, and that it has the capability to bring the wet-ink note to any future foreclosure proceeding.  Despite much discussion in the reply brief about the various definitions that can be applied to the term "holder," Fields fails to challenge Colonial Savings' assertion that it has been in possession of the note since before Fields was in default.[2]  A proposition asserted by a respondent on appeal and not disputed by the appellant in the reply brief is taken as admitted.  *See Schlieper v. DNR*, 188 Wis. 2d 318, 322, 525 N.W.2d 99 (Ct. App. 1994).

¶11     Given that Colonial Savings is the undisputed possessor of the note, which was endorsed in blank, it follows that Colonial Savings is entitled to enforce the note.  *See Deutsche Bank Nat'l Tr. Co. v. Wuensch*, 2018 WI 35, ¶24, 380 Wis. 2d 727, 911 N.W.2d 1 (physical possession of the original, wet-ink note, endorsed in blank, is sufficient to support the conclusion that the mortgagee is entitled to enforce it).  Under the doctrine of equitable assignment, Colonial Savings is likewise entitled to enforce the mortgage securing the note.  *See Dow Family, LLC v. PHH Mortg. Corp.*, 2014 WI 56, ¶21, 354 Wis. 2d 796, 848

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[2] The record reflects that Fields was current on his monthly payments until October 1, 2010, when he defaulted.

N.W.2d 728 ("Under the doctrine of equitable assignment, the assignment of a mortgage note is automatically followed by the mortgage."). We conclude that Fields cannot maintain a claim for slander of title based on the recorded assignments of mortgage because, at the time Colonial Savings recorded the assignments in 2012, it already held a valid lien on his property as a result of equitable assignment.

¶12 We turn next to the issue of whether the outcome of this case is controlled by *Thompson*. In this case, as in *Thompson*, the note at issue was endorsed in blank. *See Thompson*, 381 Wis. 2d 609, ¶13. Here, Colonial Savings failed to prove in the 2011 foreclosure action that it had standing to enforce the note. Similarly, in the first foreclosure action in *Thompson*, the plaintiff failed to produce the wet-ink note at trial and, therefore, failed to prove that it had a right to enforce the note. *Id.*, ¶15. In both this case and in *Thompson*, the initial foreclosure proceeding was dismissed with prejudice. *Id.* In light of these analogous facts, we conclude that *Thompson* is controlling. Under *Thompson*, a continuing contractual default on the part of the borrower that occurs after the dismissal of an initial foreclosure lawsuit creates a new set of operative facts, and a lender can base a subsequent foreclosure action on those facts without being barred by the doctrine of claim preclusion. *Id.*, ¶57. Therefore, we reject Fields's argument that Colonial Savings is barred by claim preclusion from enforcing the note and mortgage.

¶13 Fields makes several other arguments that this court need not reach. Any arguments in his briefs that we do not address are either patently meritless or so inadequately developed that they do not warrant our attention. *See Libertarian Party of Wis. v. State*, 199 Wis. 2d 790, 801, 546 N.W.2d 424 (1996) (an appellate

court need not discuss arguments that lack "sufficient merit to warrant individual attention").

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.