COURT OF APPEALS
DECISION
DATED AND FILED

November 18, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2019AP35**

Cir. Ct. No.  **2018CV154**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

---

DIANNE DEGROOT,

    PLAINTIFF-APPELLANT,

V.

TOWN OF WOLF RIVER,

    DEFENDANT-RESPONDENT.

---

APPEAL from a judgment of the circuit court for Winnebago County: BARBARA H. KEY, Judge. *Affirmed*.

Before Neubauer, C.J., Reilly, P.J., and Gundrum, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Dianne DeGroot appeals from a judgment dismissing her complaint against the Town of Wolf River seeking to quiet title and a declaration that she owns her property free of any claim of Wolf River relating to a public roadway (the road) referred to in her quit claim deed. In the alternative, DeGroot seeks to recover property taxes attributable to the road or to be compensated for Wolf River's allegedly wrongful taking of her property. Rejecting DeGroot's premise that Wolf River abandoned the road, the circuit court dismissed DeGroot's complaint on summary judgment. We affirm.

¶2 We review the circuit court's grant of summary judgment de novo, and we apply the same methodology employed by the circuit court. *Brownelli v. McCaughtry*, 182 Wis. 2d 367, 372, 514 N.W.2d 48 (Ct. App. 1994). "We independently examine the record to determine whether any genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law." *Streff v. Town of Delafield*, 190 Wis. 2d 348, 353, 526 N.W.2d 822 (Ct. App. 1994).

¶3 The following facts are undisputed. The plat for DeGroot's property was filed and approved in 1956. The plat included a dedication of the road at issue in this case, which Wolf River accepted in 1958. Wolf River has not vacated the dedication. DeGroot acquired her property by quit claim deed in 2016. The legal description in DeGroot's 2016 quit claim deed expressly refers to the road.

¶4 In 2017, DeGroot sought variances to construct a boathouse on her property. In denying the variances, the Winnebago County Board of Adjustment found that (1) DeGroot planned to situate her boathouse over an easement in favor of the adjacent owner's property such that the adjacent property would become

landlocked; and (2) a road exists in the same area as the proposed boathouse, a road which the town has neither vacated nor abandoned.

¶5 After being denied her requested variances, DeGroot sued Wolf River seeking a declaration that the road was abandoned under WIS. STAT. § 80.32(2) (1959-60)[1] because it was not built within four years of its dedication in the 1956 plat. Therefore, DeGroot argued, the road reverted to private ownership while title was held by her predecessor in title.

¶6 Applying *Heise v. Pewaukee*, 92 Wis. 2d 333, 351, 285 N.W.2d 859 (1979), the circuit court rejected DeGroot's claim that under WIS. STAT. § 80.32, Wolf River abandoned the road such that the road reverted to private ownership. The circuit court granted summary judgment to Wolf River and dismissed DeGroot's complaint.

¶7 On appeal, DeGroot argues that *Miller v. Wauwatosa*, 87 Wis. 2d 676, 275 N.W.2d 876 (1979), and WIS. STAT. § 80.32 control, not *Heise*. We disagree and conclude that this is a *Heise* case, and § 80.32 does not apply.

¶8 *Heise* involved a dispute over property originally appearing in an 1887 recorded plat that made a statutory dedication to the Village of Pewaukee of so much of Lake Street as existed at the time of the dedication. *Heise*, 92 Wis. 2d at 342-43. In 1896, predecessors in title to Heise conveyed to Pewaukee by warranty deed "land extending beyond the termination point of Lake Street into

---

[1] The references to WIS. STAT. ch. 80 are to the 1959-60 version of the statutes. These statutes are now found at WIS. STAT. § 82.19 (2017-18).

the waters of Pewaukee Lake" (hereafter the adjacent property).[2] *Id.* The extent of the adjacent property subject to the 1896 warranty deed is shown on a 1908 plat. *Id.* at 337-38. Heise purchased his property in 1975 and thereafter sought to obtain title to the adjacent property conveyed to Pewaukee in the 1896 warranty deed. *Id.* at 338. The court rejected Heise's reliance upon WIS. STAT. § 80.32 to support his argument that Pewaukee had abandoned the road such that it reverted to the private ownership of his predecessor in title. *Heise*, 92 Wis. 2d at 352-53.

¶9 WISCONSIN STAT. § 80.32(1), (2) and (3) state:

(1) Any unrecorded road or any part thereof which has become or is in the process of becoming a public highway by user in any town may be discontinued in the manner hereinbefore provided. Any proceedings taken therefor shall not be evidence of the acceptance at any time by the town of such road or any part thereof.

(2) Every highway shall cease to be a public highway at the expiration of 4 years from the time it was laid out, except such parts thereof as shall have been opened, traveled or worked within such time, and any highway which shall have been entirely abandoned as a route of travel, and on which no highway funds have been expended for 5 years, shall be considered discontinued.

(3) When any highway shall be discontinued the same shall belong to the owner or owners of the adjoining lands; if it shall be located between the lands of different owners it shall be annexed to the lots to which it originally belonged if that can be ascertained; if not it shall be equally divided between the owners of the lands on each side thereof.

¶10 As the *Heise* court discussed, "statutory predecessors to sec. 80.32(2), STATS., did not apply to 'streets dedicated or granted by recorded

---

[2] Unknown processes created the additional dry land which was conveyed via the 1896 warranty deed. *Heise v. Pewaukee*, 92 Wis. 2d 333, 337-38, 285 N.W.2d 859 (1979).

plat, operating as a statutory conveyance. Such streets are not highways within their purview and meaning.'" *Heise*, 92 Wis. 2d at 350-51 (citations omitted). The *Heise* court further stated "'[u]ntil the time arrives when any street or part of a street is required for actual public use, … no mere *non-user*, of any length of time, will operate as an abandonment of it.'" *Id.* at 351 (citation omitted). The *Heise* court concluded that because the property was dedicated by plat, Pewaukee had not abandoned the property due to lack of use. *Id.* at 352.

¶11    *Heise* applies here. As described in her quit claim deed, DeGroot's property includes a road that is subject to an accepted dedication to Wolf River. *Heise* precludes DeGroot's reliance on Wis. Stat. § 80.32 to support her claim that the road was abandoned and therefore reverted to private ownership. Because DeGroot's claim that Wolf River abandoned the road does not have a basis in law, the circuit court did not err in dismissing her quiet title claim on summary judgment.

¶12    *Miller*, upon which DeGroot relies, is distinguishable. In *Miller*, the City of Wauwatosa constructed a roadway, purchased adjacent property and then relocated the road. *Miller*, 87 Wis. 2d at 677-78. The *Heise* court distinguished *Miller* as follows: *Miller* involved a road that was used and later abandoned in favor of a new location while *Heise* involved a road dedicated by recorded plat which cannot be deemed abandoned due to non-use. *Heise*, 92 Wis. 2d at 350-52. In the case before us, Wolf River neither constructed the road identified in DeGroot's deed to effectuate the plat's dedication nor took action to relocate the road. *Miller* does not apply.

¶13    DeGroot argues that Wolf River should be estopped from claiming the road because it waived its rights to the dedication. DeGroot's appellate briefs

5

do not refer to facts in the record supporting this claim. Therefore, we do not consider this argument. *Wisconsin Power & Light Co. v. Public Serv. Comm'n*, 171 Wis. 2d 553, 572, 492 N.W.2d 159 (Ct. App. 1992) (appellate courts generally do not consider arguments unsupported by references to the record and do not search the record to locate support for a litigant's claims).[3]

¶14    In the alternative, DeGroot seeks relief in relation to the property taxes she has paid. For the following reasons, we do not reach the merits of this issue. To this court, DeGroot argues that Wolf River engaged in fraud or misrepresentation when it collected taxes on her property, including for that part of her property occupied by the road, and therefore the provisions of WIS. STAT. ch. 74 (2017-18) for seeking a tax refund do not apply.[4] In its response, Wolf River argues that DeGroot's complaint did not plead fraud or misrepresentation, and therefore the issue is not properly preserved in the record such that it may be raised on appeal. Wolf River is correct. DeGroot's complaint alleged that Wolf River's taxation of the property was an unconstitutional taking without just compensation. DeGroot does not brief the taking claim on appeal, makes a fraud or misrepresentation claim instead, and does not counter Wolf River's argument in her reply brief. After considering the state of the record and the briefing, we conclude that DeGroot has conceded Wolf River's position. *Schlieper v. DNR*, 188 Wis. 2d 318, 322, 525 N.W.2d 99 (Ct. App. 1994) (an argument asserted by a

---

[3] Even if DeGroot had offered record references, her estoppel claim against Wolf River, a municipality, would fail because she does not address how she acted in good faith reliance upon what she believed was the extent of the property she purchased when the legal description in her quit claim deed refers to the existence of a public road. *See Vande Zande v. Marquette*, 2008 WI App 144, ¶29, 314 Wis. 2d 143, 758 N.W.2d 187 (elements of estoppel when municipality involved).

[4] Property taxes are addressed in WIS. STAT. ch. 74 (2017-18).

6

respondent on appeal and not disputed by the appellant in the reply brief is taken as admitted); *Shadley v. Lloyds of London*, 2009 WI App 165, ¶25, 322 Wis. 2d 189, 776 N.W.2d 838 ("It is well-established law in Wisconsin that those issues not presented to the trial court will not be considered for the first time at the appellate level."). The circuit court did not err in denying DeGroot's claim for damages against Wolf River arising out of her payment of property taxes.

¶15 Finally, we reject DeGroot's claim that summary judgment was inappropriate because there was a question of fact about the size of her property and the extent of the area claimed by Wolf River for the road. DeGroot does not support her argument with citations to legal authority or to facts in the record supporting her contention that Wolf River has asserted a claim that exceeds the area of the road dedicated in the plat. Because the argument is not sufficiently developed, we do not consider it. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (we do not consider unsupported arguments).[5]

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[5] While we have considered all of the arguments in the briefs, we only discuss those arguments that are necessary to our decision. *See State v. Waste Mgmt. of Wis., Inc.*, 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978) ("An appellate court is not a performing bear, required to dance to each and every tune played on an appeal.").