COURT OF APPEALS
DECISION
DATED AND FILED

August 11, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP301**

STATE OF WISCONSIN

Cir. Ct. No. 2020JV170

IN COURT OF APPEALS
DISTRICT II

IN THE INTEREST OF M.C., A PERSON UNDER THE AGE OF 17:


STATE OF WISCONSIN,

    PETITIONER-RESPONDENT,

  V.

M.C.,

    RESPONDENT-APPELLANT.


         APPEAL from an order of the circuit court for Racine County: DAVID W. PAULSON, Judge. *Reversed and cause remanded with directions*.

¶1 GUNDRUM, P.J.[1] M.C. appeals from an order of the circuit court. He contends the court "erroneously exercise[d] its discretion when it waived M.C. into adult court without considering the suitability of the serious juvenile offender program." We agree, and we reverse and remand for further proceedings consistent with this decision.

## Background

¶2 In November 2020, the State filed a delinquency petition charging sixteen-year-old M.C. with first-degree sexual assault of a child, for allegedly putting his penis in the mouth of his four-year-old niece, S.G.C. The State also filed a petition for waiver of juvenile court jurisdiction. Following a hearing, the court waived M.C. into adult court. M.C. appeals.[2]

## Discussion

¶3 "Waiver of juvenile court jurisdiction is a 'critically important' decision that entails depriving the juvenile and the public of the substantial protections the juvenile court system provides to the juvenile accused of committing a crime." *State v. Kleser*, 2010 WI 88, ¶83, 328 Wis. 2d 42, 786 N.W.2d 144 (citations omitted). Ultimately, to waive a juvenile into adult court, the court must conclude that the evidence is clear and convincing that "it is contrary to the best interests of the juvenile or of the public" for the case to be heard in juvenile court. WIS. STAT. § 938.18(6). We will affirm a circuit court's

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2] We granted leave to appeal the nonfinal order. *See* WIS. STAT. RULE 809.50(3).

decision to waive a juvenile into adult court unless the court erroneously exercised its discretion. *State v. Tyler T.*, 2012 WI 52, ¶24, 341 Wis. 2d 1, 814 N.W.2d 192.

¶4 In making the waiver determination, our statutes state that a circuit court "shall base its decision" on numerous criteria. *See* WIS. STAT. § 938.18(5). M.C. challenges the court's waiver decision in this case solely because the court did not mention "the suitability of the serious juvenile offender program," which is related to the following criteria the court is required to consider:

> The adequacy and suitability of facilities, services and procedures available for treatment of the juvenile and protection of the public within the juvenile justice system, and, where applicable, the mental health system and *the suitability of the juvenile for placement in the serious juvenile offender program under [WIS. STAT. §] 938.538* or the adult intensive sanctions program under [WIS. STAT. §] 301.048.

Sec. 938.18(5)(c) (emphasis added). In this case, it is undisputed that the circuit court failed to state in its ruling or give any other indication that it considered the suitability of M.C. for the serious juvenile offender program.

¶5 WISCONSIN STAT. § 938.18(6) provides: "After considering the criteria under sub. (5), the court shall state its finding with respect to the criteria on the record." Further, we have stated that "the [circuit] court must exercise its discretion, considering each of the criteria laid out in … § 938.18(5)," *State v. A.O.*, No. 2016AP2186, unpublished slip op. ¶22 (WI App Aug. 22, 2017) (We may cite an unpublished decision "for its persuasive value." *See* WIS. STAT. RULE 809.23(3)(b)), and "must state its finding with respect to the criteria on the record," *State v. Elmer J.K., III*, 224 Wis. 2d 372, 384, 591 N.W.2d 176 (Ct. App. 1999). In *State v. C.W.*, 142 Wis. 2d 763, 768, 419 N.W.2d 327 (Ct. App. 1987), we stated: "The juvenile court … abused its discretion by failing to consider all

the criteria listed in [§ 938.18(5)] and by failing to make findings as to those criteria." We reiterated: "The statute … mandates that *all* the other criteria listed in [§ 938.18(5)] must be considered by the juvenile court, and findings as to those criteria must be set forth in the record." ***C.W.***, 142 Wis. 2d at 768. And then we hammered home the point:

> The issue presently before us … is whether the juvenile court must consider each of the statutory criteria and make specific findings concerning them when evidence is presented in the record as to each of the criteria. We now hold that where evidence is properly before the juvenile court with respect to each of the criteria set forth in [§ 938.18(5)] the court is required under [§ 938.18(6)] to consider each of these criteria and set forth in the record specific findings with respect to the criteria. Because the juvenile court in the present case did not do so, we reverse its decision and remand the cause with directions to conduct a new waiver hearing consistent with this opinion.

***Id.*** at 769-70; *see also* ***J.A.L. v. State***, 162 Wis. 2d 940, 960, 471 N.W.2d 493 (Ct. App. 1991) ("A juvenile judge is to state his or her finding with respect to the criteria [under § 938.18(5)] on the record …."); ***G.B.K. v. State***, 126 Wis. 2d 253, 256, 376 N.W.2d 385 (Ct. App. 1985) ("Section [938.18(6)] requires … that the court consider the listed criteria and state its findings on the record" and "direct[s] the juvenile court to state on the record its findings with respect to the criteria actually considered.").

¶6    Citing legal support for his position,[3] M.C. asserts that if he was placed in the serious juvenile offender program, he would have the ability to

---

[3] M.C. refers to WIS. STAT. § 938.538(5), which states:

(continued)

benefit from that program well beyond his eighteenth birthday. We do not comment on the correctness of this legal assertion, but we do accept it as correct for the purposes of this decision due to the State's failure to counter this assertion in its response brief. *See Schlieper v. DNR*, 188 Wis. 2d 318, 322, 525 N.W.2d 99 (Ct. App. 1994) (a party's failure to respond may be considered a concession).

¶7    The State asserts that if the circuit court did commit error, such error was harmless. Because it fails to develop an argument in support of this conclusory position, we do not consider it. *See Clean Wis., Inc. v. PSC*, 2005 WI 93, ¶180 n.40, 282 Wis. 2d 250, 700 N.W.2d 768 ("We will not address undeveloped arguments."). That said, we do not see how the error could be considered harmless. The circuit court made clear that it considered as a significant factor in its ruling the fact that it believed services available to M.C. would necessarily end upon him turning eighteen years old. The court stated:

> First of all, treatment is only available until the individual's 18th birthday, according to the testimony that I've heard.… [S]o [due to the fact the case would not be resolved until there was less than one year until M.C. turned 18] we're not going to be [able to] provid[e] services for a year. Any services in the juvenile system will be for

> (a) The office of juvenile offender review in the division of juvenile corrections in the department of corrections may release a participant to community supervision under [WIS. STAT. §] 301.03(10)(d) at any time after the participant has completed 2 years of participation in the serious juvenile offender program. Community supervision of the participant shall be provided by the department of corrections.

> (b) The department of corrections may discharge a participant from participation in the serious juvenile offender program and from departmental supervision and control at any time after he or she has completed 3 years in the serious juvenile offender program.

> less than one year.  The testimony from Ms. Johnson is that the services need at least one year ….

The court added that "it is a major problem that services have a cut off date in the juvenile system at some point, and it's in the very near future" and "I do know that the services testified to have an expiration, which could seriously impede their ability to be fully utilized."

¶8      In making these comments, it is not clear whether the circuit court was also of the belief that M.C.'s ability to benefit from the "serious juvenile offender program" would also end on his eighteenth birthday.  This is because the court gave no indication that it considered that program at all in making its ruling. The court did specifically note:  "We did hear that there are services available for the juvenile:  residential treatment; sexual assault therapy; anger management; ACE Program ….  So there are some services that are available to the juvenile." We observe that while none of these services referred to by the court are specifically identified in WIS. STAT. § 938.18(5)(c), the "serious juvenile offender program under [WIS. STAT. §] 938.538" is.  Further, "evidence [wa]s properly before the juvenile court with respect to" the serious-juvenile-offender-program criteria, and thus this is a program the court needed to consider and express its consideration on the record.  *See C.W.*, 142 Wis. 2d at 769-70.  Additionally, the Racine County Department of Human Services case manager who testified—the only witness to testify at the waiver hearing—indicated that M.C. was eligible for this program.  Of course eligibility is not the same as "suitability," the latter of which is the consideration for the court as part of its overall determination on whether waiver is appropriate.

¶9      We remand to the circuit court for the court to consider "the suitability of [M.C.] for placement in the serious juvenile offender program under

[WIS. STAT. §] 938.538" in addition to all the other WIS. STAT. § 938.18(5) criteria it has already considered and then make a new determination as to whether waiver of M.C. is appropriate. The weight given to these factors is within the circuit court's discretion. *See G.B.K.*, 126 Wis. 2d at 259. Upon remand, the court may in its discretion choose to simply issue an order stating its consideration of the serious-juvenile-offender-program criteria based on the evidence that was presented at the hearing and whether that criteria alters the court's final determination as to waiver; it may take additional evidence just with regard to this one criteria and then rule anew on the waiver question; or it may hold a new hearing on the waiver question.

¶10     It may be that upon remand the circuit court concludes, and explains, why M.C. is not suitable for the serious juvenile offender program. The court also might conclude and explain why even though M.C. may be suitable for the program, the balance of considerations still weigh in favor of waiver. But, one way or another, reasoned consideration of this mandatory criteria must be shown.

*By the Court.*—Order reversed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.