**COURT OF APPEALS
DECISION
DATED AND FILED**

**December 23, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2021AP1490**

**STATE OF WISCONSIN**

Cir. Ct. No. **2020ME87**

**IN COURT OF APPEALS
DISTRICT IV**

IN RE THE COMMITMENT OF G.T.H.:

WAUPACA COUNTY,

    PETITIONER-RESPONDENT,

 V.

G. T. H.,

    RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Waupaca County: VICKI L. CLUSSMAN, Judge. *Reversed*.

¶1      FITZPATRICK, J.[1]  On May 18, 2021, after an evidentiary hearing, the Circuit Court for Waupaca County signed two orders regarding G.T.H., each

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(d) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

of which was requested by Waupaca County. One order was an extension of a WIS. STAT. ch. 51 commitment of G.T.H. for twelve months. The other order was for the involuntary medication and treatment of G.T.H. during that twelve-month period of commitment.

¶2 G.T.H. appeals and argues, as one basis for his appeal, that the circuit court erred in not making factual findings linked to the statutory basis for the court's determination of dangerousness. *See* ***Langlade Cnty. v. D.J.W.***, 2020 WI 41, ¶¶3, 40, 391 Wis. 2d 231, 942 N.W.2d 277 (requiring a circuit court to "make specific factual findings with reference to the subdivision paragraph of WIS. STAT. § 51.20(1)(a)2. on which the recommitment is based"). The County has not filed a responsive brief in this court. Rather, the County has filed a letter which states, in pertinent part: "Waupaca County is respectfully declining to file a Respondent's Brief in this matter as the record indicates the requirements of [***D.J.W.***] have not been satisfied."[2] Accordingly, the County has conceded that the circuit court erred. In addition, my independent review of the record leads me to agree with G.T.H.'s argument and the County's concession on this point, and I conclude that this issue is dispositive.

¶3 G.T.H. requests "reversal" of the circuit court's orders rather than remand for further fact-finding by, or explanation from, the circuit court. By not challenging this requested relief from G.T.H., the County implicitly concedes that the remedy requested by G.T.H. is the correct remedy. *See* ***Schlieper v. DNR***, 188 Wis. 2d 318, 322, 525 N.W.2d 99 (Ct. App. 1994) (explaining that "[t]his court

---

[2] The notice of appeal in this action was filed on August 26, 2021. G.T.H.'s brief-in-chief was filed on October 29, 2021. The County's letter was filed on November 29, 2021. G.T.H. did not file a reply brief. This matter was assigned to me last week.

has held that respondents cannot complain if propositions of appellants are taken as confessed which respondents do not undertake to refute").

¶4    Further, the County does not dispute that, because I reverse the WIS. STAT. ch. 51 extension order regarding G.T.H., it then follows that the involuntary medication and treatment order that is based on that extension order is also reversed. *See* WIS. STAT. § 51.61(1)(g)3.

¶5    For those reasons, the order of the circuit court is reversed.

*By the Court.*—Order reversed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.